**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| BOUCHET & COMPANY, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| COMMERCIAL VEHICLE GROUP, INC., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Plaintiff Bouchet & Company, Inc. ("B&C") brings this Complaint against Defendant Commercial Vehicle Group, Inc. ("CVG") (collectively, "the Parties"), for breach of the Parties' October 2, 2014 written consulting services agreement.

### Nature of the Action

1. On or about October 2, 2014, the Parties entered in a consulting services agreement for B&C to conduct a Global Stampings Strategic Sourcing Initiative for CVG (hereafter, the "GSSSI Project" and the "Engagement Agreement"). The Engagement Agreement is attached as Exhibit 1 and provides that B&C will undertake the GSSSI Project in conjunction with CVG, and that CVG will pay B&C a sliding percentage of CVG cost savings that B&C identified as part of the GSSSI Project. From approximately November 2014 to November 2015, B&C completed the work required under the GSSSI. On or about November 12, 2015, however, CVG terminated the Engagement Agreement with B&C. In addition, prior to CVG's termination of the Engagement Agreement, CVG had repeatedly indicated that it would not pay B&C the full consulting fees that were due and owing under the Engagement Agreement.

### The Parties

2. Plaintiff B&C is an Illinois corporation with its principal place of business in Evanston, Illinois.

3. Defendant CVG is a Delaware corporation with its principal place of business in New Albany, Ohio.

## Jurisdiction & Venue

4. This Court has subject matter diversity jurisdiction over the parties' contract dispute under 28 U.S.C. ¶ 1332, as the Parties are citizens of different states and the amount in controversy, exclusive of interest and costs, is in excess of $75,000.

5. This Court has personal jurisdiction over defendant CVG because CVG conducts business in the State of Illinois and the Northern District of Illinois.

6. Venue is proper in this district under 28 U.S.C. ¶ 1391(b)(2), because a substantial part of the events giving rise to the claim occurred in this district.

## The Facts

7. On or about October 2, 2014, B&C and CVG entered into an engagement agreement to conduct a Global Stampings Strategic Sourcing Initiative (hereafter, the "GSSSI Project" and the "Engagement Agreement"). The Engagement Agreement was signed by both B&C's President Guy Bouchet and by CVG's Senior Vice President and Chief Administrative Officer Ulf Lindqwister. The Engagement Agreement was a binding written contract between CVG and B&C.

8. The scope of the GSSSI project was CVG's global metal stamping and forging purchasing. B&C agreed to conduct an initial opportunity assessment followed by the implementation of a strategic sourcing 7-step methodology, outlined in the Engagement Agreement. B&C committed that B&C President Guy Bouchet would be the Project Team Leader and devote at least 50% of his time to the GSSSI Project and that his work would be supported and supplemented by experienced consultants in both the US and China.

9. For its part, CVG agreed as part of the Engagement Agreement that the GSSSI Project would apply to an estimated $51.7M to $57.7M annual spend worldwide and would involve approximately 60 suppliers. This GSSSI Project involved 617 individual parts. In addition, in the Engagement Agreement CVG acknowledged that the success of the GSSSI Project was highly dependent upon: (a) the "availability and accuracy from CVG's in-house information systems"; (b) communication with suppliers being managed and controlled by B&C "in order to manage expectations and optimize participation in this project, both internally and externally"; (c) the B&C Project Team Leader Guy Bouchet being "the single point of contact . . . [o]ne-voice to suppliers . . . from the start of the [GSSSI] [P]roject and through to its completion"; that is, "no sidebars allowed at any level;" (d) that there would be "no sacred cows", that is, that suppliers would be judged solely on their merits and their competitive cost bids; (e) "[t]he full support of top management"; and (f) "[a] dedicated in-house project team" from CVG.

10. The Engagement Agreement obligated CVG to pay B&C a consulting fee on a sliding scale, based on the savings that the GSSSI identified for CVG. That payment term is set forth on page 5 of the Engagement Agreement, Exhibit 1.

11. From on or about November 1, 2014, to November 12, 2015, B&C undertook the GSSSI on CVG's behalf, performing the work required under the Parties' Engagement Agreement.

12. From on or about November 1, 2014 to November 12, 2015, CVG refused to meet virtually all of its obligations under the Engagement Agreement, including but not limited to breaching or otherwise failing to meet each of its obligations set forth in paragraph 9 above.

13. From on or about November 1, 2014 to November 12, 2015, CVG and B&C entered into certain written and oral amendments to the Engagement Agreement. The amendments specifically identified certain GSSSI savings that would be applied and would <u>not</u> be applied to calculate B&C's fee.

14. On November 15, 2015, B&C sent CVG a complete and final invoice for its services under the Engagement Agreement, totaling $2,536,201. B&C included detailed documentation of how its fee was calculated under the terms set forth in the Engagement Agreement. The invoice and the documentation will be referred to collectively as the "Invoice."

15. On information and belief, CVG refuses to pay the amount due and owing to B&C under the Engagement Agreement and as set forth in the Invoice.

## Count I – Breach of the Engagement Agreement

16. Plaintiff B&C incorporates paragraphs 1-15 as paragraph 16 of Count I.

17. The Engagement Agreement constituted a binding written agreement for Defendant CVG to pay B&C for cost savings that B&C identified during the GSSSI.

18. Plaintiff B&C has performed its obligations under the Engagement Agreement.

19. Plaintiff B&C has provided consideration by performing its obligations under the Engagement Agreement.

20. Throughout the GSSSI, Defendant breached its obligations under the Engagement Agreement.

21. Defendant CVG has breached and/or has indicated that it will breach the Engagement Agreement by failing and refusing to pay all of the fees due to Plaintiff B&C, as set forth in the Invoice.

22. Plaintiff B&C has been and/or will be damaged by Defendant CVG's breaches of the Engagement Agreement during the GSSSI and by its failure and refusal to pay the amounts CVG owes to B&C, as set forth in the Invoice.

## Jury Demand

23. Plaintiff B&C demands trial by jury.

WHEREFORE, Plaintiff B&C respectfully requests this Court to award it:

(A) $2,536,201 in damages;

(B) An award of statutory prejudgment interest on amounts due and owing from the date of B&C's demand for payment until the CVG makes the Court-ordered payment;

(C) An award of post-judgment interest in an amount to be determined; and

(D) All compensable costs due and owing pursuant to law.

Respectfully submitted,

/s/ Stuart J. Chanen
*Plaintiff's Counsel*

Stuart J. Chanen
Valorem Law Group
35 East Wacker Drive, Suite 2900
Chicago, IL 60601
(312) 676-5480
Stuart.Chanen@valoremlaw.com